[Civil No. 2988.  Filed April 6, 1931.]

[297 Pac. 878.]

In the Matter of the Estate of the BANK OF
JEROME, an Arizona Banking Corporation, In-
solvent.  JAMES B. BUTTON, Superintendent
of Banks for the State of Arizona and *Ex-officio*
Receiver of the BANK OF JEROME, an Arizona
Banking Corporation, Insolvent, Appellant, v.
JOHN L. SULLIVAN, Appellee.

Mr. Guy Axline and Messrs. Favour & Baker, for
Appellant.

Mr. R. B. Westervelt, for Appellee.

LOCKWOOD, J.—In the year 1925, A. T. Ham-
mons, then superintendent of banks for the state of
Arizona, and *ex-officio* receiver of the Bank of Jerome,
appointed John L. Sullivan, an attorney of Pres-
cott, Arizona, hereinafter called appellee, to assist
him in connection with the liquidation of the affairs
of the bank.  The appointment was made by and with
the consent and approval of the judge of the superior
court of Yavapai county, and appellee entered upon
his duties and performed all services required of him
by Hammons up to March 1, 1928, when he was in-
formed his services were no longer required.

Appellee had been paid certain sums in monthly in-

stallments, as partial compensation for his services, but made demand upon James B. Button, hereinafter called appellant, who had succeeded Hammons as superintendent of banks, for further compensation which he claimed was due him in accordance with his agreement with Hammons at the time he was appointed. Appellant refused to allow appellee any compensation in addition to that which he had already received, whereupon this suit was filed by appellee, setting up the facts aforesaid, and that at the time he was employed by Hammons it was agreed he should receive a retainer, which had been paid, and that his final compensation should be fixed by the court, after a hearing. He alleged that he had performed services of considerable value, and asked that the court allow him an additional fee after hearing as to the value of the services in such amount as seemed proper. The appellant demurred to the complaint on the ground that the court had no jurisdiction to grant the relief asked for, denied the allegations of appellee in regard to the agreement between the latter and Hammons, and claimed that appellee had been paid in full for his services performed.

The matter was heard by the court, and it was ordered that appellee be allowed an attorney fee of $7,500 in addition to what he had already received, and from this order this appeal has been taken.

No transcript of evidence or statement of facts is before us, and the matter has been argued solely upon the question of the jurisdiction of the court to allow any attorney's fee under the circumstances. It is contended by appellant that under the Banking Code of Arizona (Rev. Code 1928, § 209 et seq.) the sole power to allow attorney's fees in cases similar to the present one rests with the superintendent of banks, and that the superior court has no jurisdiction in the premises.

We have had before us recently, in the case of *Sawyer* v. *Ellis*, 37 Ariz. 443, 295 Pac. 322, the same questions of law presented by this case. It is not necessary for us to repeat what we said therein. Under the principles laid down in the case cited, the order of the superior court of Yavapai county in this case is necessarily affirmed, and it is so ordered.

McALISTER, C. J., and ROSS, J., concur.